IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRIUS RASHAD DEAN, # 306674, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:17cv467-WKW |
| | ) | (WO) |
| KARLA WALKER JONES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I.  INTRODUCTION**

This cause is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 filed on July 10, 2017, by Darrius Rashad Dean, a pretrial detainee who contends that the State of Alabama is violating his right to a speedy trial by failing to bring him to trial on charges of burglary, theft of property, and criminal mischief pending against him in Dale County, Alabama. Doc. No. 1. Dean was arrested on these charges on April 7, 2017, and a Dale County grand jury issued indictments against him on June 6, 2017. Doc. No. 8-2 at 2–4; Doc. No. 8-3 at 2–4.

The respondents have filed an answer in which they argue Dean's petition should be dismissed without prejudice because he has yet to exhaust his state court remedies for his speedy trial claim. Doc. No. 8 at 4–5. In addition, the respondents argue that the delay in adjudication of the charges against Dean is not lengthy enough to trigger a speedy trial

analysis under the four-part balancing test in *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Doc. No. 8 at 5–6.

In light of the arguments and evidence presented by the respondents with their answer, the court entered an order allowing Dean to demonstrate why his petition should not be dismissed for his failure to exhaust state court remedies. Doc. No. 9. Dean has failed to file a response to this order within the time provided by the court.

## II. DISCUSSION

The statutory language of 28 U.S.C. § 2241 contains no exhaustion requirement; however, the requirements of 28 U.S.C. § 2254, including exhaustion of state remedies, apply to a subset of petitioners to whom § 2241(c)(3) applies – i.e., those who are "in custody in violation of the Constitution or laws or treaties of the United States." *See Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003); *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004).

State remedies ordinarily are not considered exhausted if a habeas petitioner may present his claims to the state courts by any available and adequate procedure. *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489–92 (1973). Under 28 U.S.C. § 2254(c), a petitioner "shall not be deemed to have exhausted the remedies available in the court of the State ..., if he has the right under the law of the State to raise, by any available procedure, the question presented." Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See O'Sullivan v. Boerckel*, 526 U.S. 828, 845 (1999).

Dean contends that he is being deprived of his right to a speedy trial in state court. Although the United States Supreme Court in *Braden* held that a petitioner may challenge a state's denial of his right to a speedy trial through a federal habeas petition, the Court clarified that, before raising such a claim in federal court, the petitioner must exhaust all available state remedies. *Braden*, 410 U.S. at 488–90. In Alabama, a criminal defendant may assert a speedy trial claim in motion for a speedy trial or a state petition for writ of habeas corpus. *See Williams v. State*, 511 So. 2d 265 (Ala. Crim. App. 1987). The undisputed evidentiary materials filed in this case indicate Dean has not sought a speedy trial through either method of redress.[1] Therefore, he has not exhausted his available state court remedies regarding his speedy trial claim.

This court does not deem it appropriate to rule on the merits of Dean's claim without first requiring that he exhaust state court remedies; it therefore concludes that the instant petition should be dismissed without prejudice so Dean may exhaust those remedies. *See* 28 U.S.C. § 2254(1)(b)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be DISMISSED without prejudice to afford Dean an opportunity to exhaust all available state court remedies.

It is further

---

[1] Should Dean choose to file a motion for a speedy trial in state court or a state petition for writ of habeas corpus seeking redress for his speedy trial claim, he must follow the appropriate Alabama appellate procedures in appealing any adverse decision in order to exhaust his speedy trial claim properly.

3

ORDERED that on or before October 5, 2017 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 21st day of September, 2017.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge